IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CARA L. KRACH, Executor of the Estate of Gary R. Krach, deceased, | ) CASE NO. 1:08 CV 2082 ) ) |
| Plaintiff, | ) MAGISTRATE JUDGE ) WILLIAM H. BAUGHMAN, JR. |
| v. | ) ) |
| LAKESIDE TRANSPORTATION CO., INC., *et al.*, | ) ) ) **MEMORANDUM OPINION** |
| Defendants. | ) **AND ORDER** |

## Introduction

Before me is a motion by plaintiff Cara Krach for an order imposing sanctions against defendants Lakeside Transportation Co., Inc.; John Henry Walker; and Frank Evans (Lakeside) and/or their counsel, and for an award of attorneys fees under 28 U.S.C. § 1927 and Ohio Revised Code § 2323.51.[1] Lakeside has timely responded in opposition[2] and Krach has replied to that response.[3] For the reasons that follow, Krach's motion for sanctions will be denied.

---

[1] ECF # 81.

[2] ECF # 83.

[3] ECF # 87.

**Facts**

The relevant facts underlying Krach's attempt to obtain attorneys fees and sanctions arising out of her enforcement of a settlement agreement have been stated in a prior order[4] and need not be repeated here. Essentially, in her prior motion for attorneys fees alone, which I denied, Krach sought such fees based on the terms of a mortgage, not on any specific provision of the settlement agreement between the parties.

The present motion for attorneys fees and sanctions, however, is based on both federal and state law, as well as this Court's inherent power to sanction frivolous, unnecessary actions that serve to multiply the expenses of litigation.[5] Krach argues that the findings of this Court in deciding in her favor on competing motions for specific performance of the settlement agreement "are equivalent to a finding that the defendants acted frivolously, and unreasonably burdened plaintiff and this Court with needless litigation."[6] Thus, she contends she is entitled to attorneys fees and sanctions under 28 U.S.C. § 1927, Ohio Revised Code § 2323.51, and the Court's "inherent power to sanction unreasonable, vexatious litigation."[7]

Lakeside has responded that its action to enforce the settlement was simply a single attempt to clarify "ambiguities" in the settlement and so was not a "continuous and

---

[4] ECF # 78.

[5] ECF # 81 at 3-4.

[6] *Id.* at 3.

[7] *Id*. at 1.

-2-

aggressive prosecution of [a] warrantless position[] which [results in sanctions by] clearly demonstrat[ing] the offending party's bad faith and intent to multiply litigation."[8]

In her response, Krach argues that Lakeside's action in filing the motion to enforce the settlement agreement was not a single motion to clarify the agreement but part of a "continuing pattern of bad faith" extending back in time.[9] Krach specifically disavows any effort to base sanctions on Lakeside's pre-settlement conduct,[10] but offers the "examples" of Lakeside's previous "dishonorable means" to establish a "continuing pattern of bad faith."[11]

The matter is now ripe for resolution. As noted earlier, for the reasons that follow, Krach's motion is denied.

## Analysis

Initially, I note that neither Ohio Revised Code § 2323.51 nor this Court's inherent power to sanction are applicable here, thus requiring that Krach's motion be considered under 28 U.S.C. § 1927.

---

[8] ECF # 83 at 6.

[9] ECF # 87 at 6-7.

[10] *Id*. at 9.

[11] *Id*. at 7.

**A.     Ohio Revised Code § 2323.51**

It is well-established under the *Erie* doctrine that federal courts in a diversity matter are to apply state substantive law and federal procedural law.[12]  In that regard, the Sixth Circuit in *First Bank of Marietta v. Hartford Underwriters Insurance Company* found that a federal diversity court must deem § 2323.51 of the Ohio Revised Code to be state procedural law and thus inapplicable to claims for sanctions in a federal diversity case.[13]  Thus, under the clear teaching of *First Bank of Marietta*, to the extent Krach's claim for sanctions rests purportedly on Ohio Revised Code § 2323.51, such claim is properly dismissed as invoking Ohio procedural law not applicable in this federal diversity case.

**B.     The Court's inherent power to sanction**

Further, I observe that the United States Supreme Court in *Chambers v. NASCO, Inc.* is plain that where "there is bad-faith conduct in the course of litigation that could be adequately sanctioned under the Rules, the court ordinarily should rely on the Rules and not the inherent power [to sanction]."[14]  Accordingly, as the Sixth Circuit has recognized, under this Supreme Court holding, "a district court's failure to use a clearly applicable and effective

---

[12] *First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 528 (6th Cir. 2002) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938)).

[13] *Id*. at 529.

[14] *Chambers v. NASCO, Inc.*, 501 U.S. 32, 50 (1991).

-4-

sanction rule [in favor of its inherent power to sanction] could constitute an abuse of discretion."[15]

Nonetheless, as the Sixth Circuit also teaches, the Supreme Court's use of the word "ordinarily" in *Chambers* "suggests that there may be some exceptional circumstances where a district court's express consideration of other rules and statutes is not required [before recourse to its inherent power to sanction]."[16] In that regard, *First Bank of Marietta* states that resort to a court's inherent powers to sanction without prior consideration of other statutes or the Rules is "particularly appropriate for impermissible conduct that adversely impacts the entire litigation."[17]

Here, without presently addressing the merits of Krach's claim, it is apparent under the above-stated reasoning of *First Bank of Marietta* that 28 U.S.C. § 1927 contains an adequate remedy for any alleged impermissible conduct in this case without the need for recourse to this Court's inherent power to sanction. As such, I find, after reviewing the extensive discussion on this issue in *First Bank of Marietta*, that the conduct here is adequately addressed by considering Lakeside's actions under the provisions of 28 U.S.C. § 1927 without the need for recourse to the Court's inherent powers of sanction.

---

[15] *First Bank of Marietta*, 307 F.3d at 516.

[16] *Id*. at 513.

[17] *Id*. at 516.

**C.     28 U.S.C. § 1927**

28 U.S.C. § 1927 provides as follows:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

As the Sixth Circuit has held in *Red Carpet Studios v. Sater*, sanctions under § 1927 "are warranted when the attorney objectively falls short of the obligations owed by a member of the bar to the court and which, as a result, causes additional expenses to the opposing party."[18] Specifically, sanctions under § 1927 are appropriate when an attorney[19] "intentionally abuses the judicial process or knowingly disregards the risk that his actions will needlessly multiply proceedings."[20] Or, as the Sixth Circuit has also noted, the purpose of sanctions under § 1927 is "'to deter dilatory litigation practices and to punish aggressive tactics that far exceed zealous advocacy.'"[21]  "Under this objective standard, '§ 1927

---

[18] *Red Carpet Studios v. Sater*, 465 F.3d 642, 646 (6th Cir. 2006) (internal quotations and citations omitted).

[19] Section 1927 only applies to individual attorneys, not law firms. *Rentz v. Dynasty Apparel Induss.*, 556 F.3d 389, 396 n.6 (6th Cir. 2009). Undifferentiated motions against defendants' "counsel," such as this one (*see*, ECF # 81 at 1), where Lakeside is represented by an attorney who is a member of a firm, are to be treated as seeking sanctions against all members of a firm individually who were involved in the litigation. *Avery Dennison Corp. v. Toray Int'l*, Case No. 07-cv-1268, 2009 WL 1770125, at *1 n.2 (N.D. Ohio June 23, 2009) (O'Malley, J.).

[20] *Red Carpet Studios*, 465 F.3d at 646.

[21] *Garner v. Cuyahoga County Juvenile Court*, 554 F.3d 624, 645 (6th Cir. 2009) (quoting *Red Carpet Studios*, 465 F.3d at 646).

sanctions require a showing of something less than subjective bad faith, but something more than negligence or incompetence.'"[22] An award of sanctions under § 1927 is committed to the discretion of the district court.[23]

Here, Krach essentially asserts that Lakeside's "counsel" warrants the imposition of sanctions because Krach incurred expenses from September, 2009 through January, 2010 by "resisting defendants' frivolous efforts to compel acceptance of a surety bond" she rejected and by obtaining a ruling from this Court as to the specific performance of the parties' settlement agreement.[24] In particular, Krach asserts that because this Court awarded her specific performance in a decision whereby it found that the settlement agreement language was "plain," "unambiguous," and "straightforward," the Court has thereby essentially already found that Lakeside merits sanctions in "act[ing] frivolously," and "unreasonably burden[ing]" her with "needless litigation."[25]

---

[22] *Rentz*, 556 F.3d at 396 (quoting *Red Carpet Studios*, 465 F.3d at 646). I note, as Judge O'Malley observed in *Avery Dennison*, that the Sixth Circuit is aware that there is "some uncertainty" in this Circuit as to the state of mind required for the imposition of sanctions, contrasting the "less-than-bad-faith-more-than-negligence" standard from *Red Carpet Studios* with the "when an attorney knows, or reasonably should know" standard given in *Wilson-Simmons v. Lake County Sheriff's Dept.*, 207 F.3d 818, 824 (6th Cir. 2000). *See*, *Avery Dennison*, 2009 WL 1770125, at *4 n.5. Notwithstanding, similar to the conclusion reached by Judge O'Malley in that case, I need not attempt to resolve any tension in the Circuit case law to adjudicate this motion and so will not try to do so.

[23] *Michigan Div. - Monument Builders of N. Am. v. Michigan Cemetery Ass'n*, 524 F.3d 726, 739 (6th Cir. 2008) (citation omitted).

[24] ECF # 81 at 2.

[25] *Id.* at 2-3.

Preliminarily, I observe that Krach is correct to state that any pre-settlement conduct of Lakeside in not, of itself, sanctionable.  As the parties' settlement agreement provides, Krach agreed in that document to release Lakeside and its representatives from any and all claims or expenses arising as a matter of law up through the date of the settlement agreement.[26]  It would be contrary to the specific terms of the agreement cited here – as well as to the entire concept of settlement – to now consider imposing liability on Lakeside, even indirectly, based on actions for which Krach explicitly released Lakeside.  Thus, the present motion must necessarily focus only on post-settlement conduct.

In that regard, I note initially that Krach appears to advance a position of virtual strict liability for sanctioning the losing party whenever its position is ultimately determined to be clearly incorrect, rather than a close question.  In the first instance, I have found nothing in the case authority to support such a view.  Indeed, to the contrary, I am mindful, as Chief Judge Carr of this Court has recently observed, that although a party's position or claim may be weak, the court should be "reluctant to label [such positions as] 'frivolous'" for the purpose of imposing sanctions.[27]  As the United States Supreme Court stated in an analogous context, courts must guard against succumbing to the "understandable temptation

---

[26] *See*, ECF # 66, Attachment 1 (Settlement Agreement) at ¶ 1.

[27] *Kleinmark v. St. Catherine's Care Ctr.*, 585 F. Supp. 2d 961, 965 (N.D. Ohio 2008) (citation omitted).

to engage in *post hoc* reasoning by concluding that, because a [party] did not ultimately prevail, his action must have been unreasonable or without foundation."[28]

Further, the approach Krach seeks to apply to Lakeside would arguably subject Krach herself to sanctions here for advancing the argument that she is entitled to sanctions under Ohio law.  As noted earlier, her counsel "should have known" that this argument has absolutely no merit under unambiguous Sixth Circuit precedent.

Moreover, virtually every case involving a dispute over the meaning of a term in a contract or statute is eventually resolved by the court finding that the correct meaning of the disputed language is "clear" from the text.  Converting all such findings into automatic awards of sanctions simply because the language of the decision indicated the Court found plain meaning to resolve the dispute would clearly be an unwarranted, over-broad understanding of the circumstances underlying an award of sanctions contemplated by § 1927.[29]

---

[28] *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421-22 (1978).

[29] *See*, *Garner*, 554 F.3d at 645 (§ 1927 sanctions appropriate where attorney pursued meritless civil rights claims against county and administrators);  *Stalley v. Methodist Healthcare*, 517 F.3d 911, 920 (6th Cir. 2008) (§ 1927 sanctions permitted on the grounds of harassment for filing seven separate suits, all dismissed for lack of standing); *Jones v. Continental Corp.*, 789 F.2d 1225, 1230 (6th Cir. 1986) (no § 1927 sanctions when plaintiff did not sign a pretrial order limiting issues for trial, movant claiming that such failure to sign multiplied the litigation).

Rather, the present situation is comparable to those addressed in *Avery Dennison*, where Judge O'Malley denied § 1927 sanctions, and in *Kleinmark*, where Chief Judge Carr also denied a motion for § 1927 sanctions.

In *Avery Dennison*, the Court found that "[w]hile it may be true that [plaintiff's attorney] should have dismissed this case far more quickly once discovery failed to support the factual bases for its jurisdictional theory," the delay of two months in actually dismissing the case was "not wholly chargeable" to that attorney, but also involved the working out of a judicial process set by the court.[30]

Indeed, here, as in *Avery Dennison*, the parties spent time attempting to work out any dispute over the terms of the settlement agreement before involving this Court; at the end specifically meeting face to face at my direction.  The requirement that parties spend time actually meeting face to face in an attempt to resolve differences before racing to file opposing motions at the first sign of difficulty is a long-standing practice in this Court that cannot now be perverted into evidence that Lakeside was engaging in dilatory practices. Some portion of the time spent in this dispute is clearly chargeable to all parties following my direction that they be given a chance to work things out themselves before involving the Court.

Moreover, when the parties could not agree within the process set by this Court, Lakeside quickly filed its own motion to enforce the settlement according to its

---

[30] *Avery Dennison*, 2009 WL 1770125, at *6.

understanding of the terms. Again, that prompt recourse to a single motion to enforce the settlement does not of itself constitute an attempt to prolong the litigation. In fact, contrary to the cases cited earlier, Lakeside acted promptly – if unsuccessfully – to seek final judicial enforcement of the settlement agreement when the court-directed process for dispute resolution between the parties had ended.

In *Kleinmark*, Judge Carr pointedly noted that "filing a motion for sanctions after a case has been concluded on its merits [of itself] simply draws out the litigation, resulting in additional costs to the parties and the court."[31] Krach's position here is identical.

Therefore, for the reasons stated above, I find that there is insufficient basis under § 1927 to determine that Lakeside was aggressively exceeding the bounds of zealous advocacy[32] in the action complained-of by Krach. Accordingly, Krach's motion for sanctions and/or an award of attorneys fees is denied.

IT IS SO ORDERED.

Dated:  March 29, 2010                         s/ William H. Baughman, Jr.
                                               United States Magistrate Judge

---

[31] *Kleinmark*, 585 F. Supp. 2d at 966.

[32] *See*, *Red Carpet Studios*, 465 F.3d at 646.

understanding of the terms. Again, that prompt recourse to a single motion to enforce the settlement does not of itself constitute an attempt to prolong the litigation. In fact, contrary to the cases cited earlier, Lakeside acted promptly – if unsuccessfully – to seek final judicial enforcement of the settlement agreement when the court-directed process for dispute resolution between the parties had ended.

In *Kleinmark*, Judge Carr pointedly noted that "filing a motion for sanctions after a case has been concluded on its merits [of itself] simply draws out the litigation, resulting in additional costs to the parties and the court."[31] Krach's position here is identical.

Therefore, for the reasons stated above, I find that there is insufficient basis under § 1927 to determine that Lakeside was aggressively exceeding the bounds of zealous advocacy[32] in the action complained-of by Krach. Accordingly, Krach's motion for sanctions and/or an award of attorneys fees is denied.

IT IS SO ORDERED.

Dated:  March 29, 2010                         s/ William H. Baughman, Jr.
                                               United States Magistrate Judge

---

[31] *Kleinmark*, 585 F. Supp. 2d at 966.

[32] *See*, *Red Carpet Studios*, 465 F.3d at 646.